UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Andre Levesque,

    Plaintiff,

        v.                                     Civil Action No. 2:15-cv-17

John and Jane Does of the U.S.
Attorneys Office/Justice Department,
Eugenia A.P. Cowles, and John and
Jane Does of the Federal Bureau of
Investigation,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 1)

Plaintiff Andre R. Levesque, appearing *pro se*, brings this civil rights action against unnamed employees ("John and Jane Does") of the United States Attorneys Office (alternately referred to as the United States Department of Justice or "DOJ") and the Federal Bureau of Investigation ("FBI"), and Eugenia A.P. Cowles, Assistant United States Attorney. (Doc. 1.) Now pending is Mr. Levesque's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (Doc. 1.)

### Factual and Procedural Background

Mr. Levesque filed the instant IFP Motion and Proposed Complaint (Doc. 1-2) on January 27, 2015, alleging that Ms. Cowles and unnamed DOJ and FBI officials improperly harassed and attempted to coerce Mr. Levesque by prosecuting him in a

criminal matter now pending before this Court (Doc. 1-2 at 1-2.)  A review of the docket indicates that Mr. Levesque has been in federal custody on pre-trial detention since May 6, 2014, when this Court ordered that he be held on charges of stalking in violation of 18 U.S.C. § 2261A(2).  *See United States v. Levesque*, No. 2:14-cr-00062-wks (D. Vt. May 6, 2014), ECF No. 9.  Mr. Levesque was committed to the custody of the United States Bureau of Prisons for an evaluation of his competency to stand trial pursuant to 18 U.S.C. §4241(a).  A psychological report was prepared at the Metropolitan Correctional Center, New York, N.Y. and that report was filed with the court.  *See id.*, No. 2:14-cr-00062-wks (D. Vt. Aug. 4, 2014), ECF No. 19.  On August 4, 2014, a hearing was held on the psychological report and United States District Judge William K. Sessions III issued an order committing Mr. Levesque to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for additional observation and treatment upon a finding that Mr. Levesque was not competent to stand trial.  *See id.*, No. 2:14-cr-00062-wks (D. Vt. Aug. 4, 2014), ECF No. 21.  Mr. Levesque is currently housed at the Federal Medical Center maintained by the Bureau of Prisons in Springfield, Missouri.

In his proposed civil complaint, Mr. Levesque alleges that he is "being prosecuted for calling the police station" and for calling "a mental health worker who participated in trying to coerce and intimidate" Mr. Levesque.  (Doc. 1-2 at 2.)  Mr. Levesque also alleges that the competency evaluation was "performed during 460 hours of continuous intense bright light," causing irreparable harm, post-traumatic stress, and pain and suffering (Doc. 1-2 at 3.)  As relief Levesque seeks "100 million British pounds sterling".  *Id.*

**Discussion**

Section 1915(a) requires a prisoner seeking leave to proceed *in forma pauperis* to submit "an affidavit that includes a statement of all assets such prisoner possesses" in order to determine whether the prisoner is "unable to pay." 28 U.S.C. § 1915(a)(1). Additionally, a prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Mr. Levesque filed an affidavit which appears to make the requisite showing, but he has not provided a certified copy of any applicable prisoner trust fund account statements. Mr. Levesque seeks to avoid this obligation by including the phrase "refused to comply" across the space for certification. There is no indication who engaged in this refusal. The court need not accept such a vague and conclusory statement. Accordingly, Mr. Levesque's application is insufficient on this ground alone.

Additionally, because Mr. Levesque is a prisoner, his Proposed Complaint is subject to the "three strikes" provision of 28 U.S.C. § 1915, which bars prisoners from proceeding *in forma pauperis* under the following circumstances:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who has accumulated three strikes is not barred from

3

bringing suit in federal court, but must pay the standard filing fee and effect service without the Court's assistance. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("Once three of an indigent prisoner's lawsuits have been dismissed . . . the prisoner must pay the standard filing fee if he wishes to file additional lawsuits."). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law[.]" 28 U.S.C. § 1915(h). Mr. Levesque is a "prisoner" under the statute, because he remains in pre-trial detention on criminal charges in Docket No. 2:14-cr-00062-wks. On September 16, 2014, an Opinion and Order was issued in a different civil matter filed in this district by Mr. Levesque, which concluded that Mr. Levesque has at least *five* strikes for purposes of §1915(g) review. *See Levesque v. John and Jane Does*, No. 2:14-cv-00188-jgm-jmc (D. Vt. Sept. 16, 2014), ECF No. 7.[1]

    Therefore, because Mr. Levesque is a prisoner who has more than three strikes under § 1915(g), the remaining issue before the Court is whether Mr. Levesque's claims are entitled to the statute's "imminent danger" exception. Where a plaintiff proceeds *pro se*, the complaint should be liberally construed and interpreted "to raise the strongest arguments [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)

---

[1] On July 30, 2012, United States District Judge Norman A. Mordue of the Northern District of New York denied Mr. Levesque's Motion to Proceed *In Forma Pauperis* in a different matter upon concluding that Mr. Levesque already had accumulated the requisite "three strikes" barring him from acquiring *in forma pauperis* status. *Levesque v. United States Gov't*, No. 9:2-CV-0796 (NAM/DEP), slip op. at 12 (N.D.N.Y. July 30, 2012).[1] Judge Mordue also concluded that irrespective of the three-strikes bar, the underlying complaint in that matter was, itself, frivolous and failed to state a claim on which relief could be granted. *Id*. at 10. On May 21, 2013, in yet another case, United States District Judge Lawrence E. Kahn adopted a Report and Recommendation denying Mr. Levesque leave to proceed *in forma pauperis* on three-strikes grounds and concluding that the court lacked jurisdiction over the matter and the complaint failed to state a claim. *Levesque v. State Farm Ins.*, No. 8:13-cv-00346-LEK-RFT (N.D.N.Y. April 24, 2013), ECF No. 5, *adopted by* No. 8:13-cv-00346-LEK-RFT (N.D.N.Y. May 21, 2013), ECF No 6.

(internal quotation marks omitted).  An "imminent danger" only exists if it is present at the time of filing the complaint.  *Malik v. McGinnis*, 239 F.3d 559, 562-63 (2d Cir. 2002).  The Court also must evaluate "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly* traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury."  *Pettus*, 554 F.3d at 298.

     Here, the Proposed Complaint challenges the basis of his pending criminal prosecution and the manner in which the evaluation deeming him incompetent to stand trial was performed.  The imminent danger exception does not apply where "claims of imminent danger are conclusory or ridiculous."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (*citing Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).  Even construing these allegations liberally, the Court cannot conclude that the Proposed Complaint meets the "imminent danger" threshold necessary to overcome § 1915(g)'s three-strikes provision.  Mr. Levesque was not located at the facility described in his Proposed Complaint at the time of filing, and thus, cannot allege a present, "imminent" harm.  Furthermore, to the extent Mr. Levesque seeks monetary damages challenging the basis of his arrest or alleging malicious prosecution, such matters are premature while Mr. Levesque's underlying criminal matter remains pending.  *See Johnson v. New York City Police Dept.*, No. 01 Civ. 6570 (RCC)(JCF), 2003 WL 21664882 (S.D.N.Y. July 16, 2003) (staying § 1983 action alleging Fourth Amendment violations, false arrest, and malicious prosecution where criminal matter still pending).

     Accordingly, because Mr. Levesque has neither completed the required financial

affidavit, nor alleged facts suggesting that he is in imminent danger of serious physical injury, I recommend that Mr. Levesque's IFP Motion be DENIED and that the case be DISMISSED if Mr. Levesque does not pay the required filing fee of $400 within thirty (30) days.

The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires"). However, leave to amend the proposed Complaint is not required where it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Levesque v. State of New Hampshire*, 2010 WL 2367346, at *44 ("It is clear, however, that Levesque's many lawsuits, containing repetitive claims against, in some cases, defendants who have already been sued and dismissed in this Court, approaches, if not reaches, the use of the federal district court in an abusive fashion."). In addition to the other defects already detailed herein, AUSA Cowles is entitled to absolute prosecutorial immunity for actions taken in the course of the criminal litigation. *See Taylor v. Kavanaugh*, 640 F.2d 450, 452 (2d Cir. 1981) (observing that under *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), prosecutors are entitled to absolute immunity with respect to activities "intimately associated with the judicial phase of the criminal process"). I recommend that the Court

not grant Mr. Levesque leave to amend given the pendency of Mr. Levesque's criminal case and the separate civil matter against Bureau of Prisons officials in Docket No. 2:14-cr-00188-jgm-jmc.

I am cognizant that Federal Rule of Civil Procedure 17(c) provides that, "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). As a general rule, the court may not dismiss a claim on the merits if the claim is brought by an incompetent person who is not properly represented. *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009). The Court already has appointed counsel for Mr. Levesque in Docket No. 2:14-cr-00188-jgm-jmc, where Mr. Levesque has alleged failure to provide proper medical treatment for a chronic skin condition. *See Levesque v. John and Jane Does*, No. 2:14-cr-00188-jgm-jmc (D. Vt. Sept. 16, 2014), ECF No. 9.

The Second Circuit requires that in each instance prior to appointing counsel, the Court first determine whether the indigent's claim "is likely one of substance." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2010) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).[2] A motion to appoint counsel for an incompetent person may properly be denied "when it is clear that no substantial claim might be brought on behalf of such a party[.]" *Berrios*, 564 F.3d at 134 (citing *Wenger v.*

---

[2] Only upon concluding the claim is likely one of substance does to district court then "consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact[-]finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62.

*Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998)); *see also Perri v. City of New York*, 2009 WL 3839317, at *2 (E.D.N.Y. Nov. 17, 2009) (declining to appoint guardian ad litem where incompetent plaintiff "makes incredible and fantastic claims" regarding the New York City Police Department). Here, Mr. Levesque has not alleged any facts that even remotely meet the imminent danger threshold, nor does the Proposed Complaint suggest the existence of a viable claim that cannot be addressed in the other pending civil and criminal matters before this Court—both of which have appointed counsel for Mr. Levesque. Therefore, because no substantial claim may be brought on behalf of Mr. Levesque under these circumstances, I do not recommend the appointment of counsel or a guardian ad litem pursuant to Fed. R. Civ. P. 17(c).

## Conclusion

Accordingly, for the foregoing reasons, I recommend that Mr. Levesque's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) be DENIED. I further recommend that the Court DISMISS this case if Mr. Levesque does not pay the required filing fee of $400 within thirty (30) days.

Dated at Burlington, in the District of Vermont, this 5th day of March, 2015.

/s/John M. Conroy

John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the

Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).