UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 MAR 26 PM 4: 08

CLERK

BY____*lw*____
DEPUTY CLERK

ANDRE LEVESQUE, )
)
Plaintiff, )
)
)
v. )  Case No. 2:15-cv-17
)
JOHN and JANE DOES of the U.S. )
ATTORNEYS OFFICE/JUSTICE )
DEPARTMENT, EUGENIA A.P. COWLES, )
and JOHN and JANE DOES of the FEDERAL )
BUREAU OF INVESTIGATION, )

## OPINION AND ORDER ADOPTING MAGISTRATE'S
## REPORT AND RECOMMENDATION
(Doc. 1 & 2)

This matter came before the court for a review of the Magistrate Judge's March 5,

2015 Report and Recommendation ("R & R"). Plaintiff has filed a motion to proceed *in*

*forma pauperis* ("IFP"), as well as a proposed complaint. (Doc. 1) The Plaintiff is

currently a prisoner in federal custody. In his R & R, the Magistrate Judge recommends

that Plaintiff's IFP be denied. The deadline to object to the R & R was March 23, 2015.

Neither party has filed an objection to the R & R, and the time to do so has passed.

A district judge must make a *de novo* determination of those portions of a

magistrate judge's report and recommendation to which an objection is made. Fed. R.

Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir.

1999). The district judge may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord*

*Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual

or legal conclusions of the magistrate judge as to those portions of a report and

1

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

As described by the R & R, Plaintiff is not entitled to an IFP for several reasons. First, Plaintiff failed to submit a certified copy of the account statement of his prison trust account, as required by 28 U.S.C. § 1915(a)(2). Second, 28 U.S.C. § 1915(g) prohibits the court from granting an IFP to a plaintiff who is incarcerated and has brought three or more previous actions that have been dismissed. And third, in 2014, the Northern District of New York noted that "[t]he three strikes rule set forth in 28 U.S.C. § 1915(g) has been enforced against plaintiff in this District." *See Levesque v. John and Jane Does*, No. 1:14-cv-00188, slip op. at 1, n.1 (D. Vt. Aug. 29, 2014).

Section 1915(g) contains an exception where "the prisoner is under imminent danger of serious physical injury." In his proposed Complaint, Plaintiff alleges that a person "tried to shove a stick in my [rectum][,]" (Doc. 1-2 at 2, ¶ 6) and that he experienced "460 hours of continuous [intense] bright light during a compulsory evaluation." *Id.* at 3, ¶ 8. Plaintiff has not explained whether these alleged acts occurred at the facility where he is currently incarcerated. He stated that he has "been transferred 13 times since May of 2014[,]" when at least some of the alleged events purportedly occurred. *Id.* at 4. Thus, it is unclear whether there is a risk of imminent physical injury. For relief, Plaintiff seeks 100 million British pounds sterling.

Although the court ordinarily grants a self-represented litigant leave to amend, it need not do so when the claims are futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). Here, Plaintiff brings this action against Acting United States Attorney Eugenia Cowles, as well as unnamed members of the United States Department of Justice and the Federal Bureau of Investigation for their prosecution of him in a pending criminal case. Prosecutors are entitled to absolute immunity for decisions related to the prosecution of a defendant. *See Imbler v. Pachtman*, 424 U.S.

409, 427 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under [§] 1983 that the prosecutor enjoys at common law."). Accordingly, leave to amend is not appropriate in this case.

In his nine page R & R, the Magistrate Judge carefully reviewed the factual record and the IFP before the court and concluded, among other things that the "three strikes" provision of 28 U.S.C. § 1915 applies and bars Plaintiff from proceeding *in forma pauperis* and that the appointment of a guardian for Plaintiff was not warranted. The court finds these conclusions well-reasoned.

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Order and Opinion, and DENIES the Plaintiff's Motion to proceed *in forma pauperis*.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _26_<sup>th</sup> day of March, 2015.

Christina Reiss, Chief Judge
United States District Court