```
                                                              U.S. DISTRICT COURT
                                                              DISTRICT OF VERMONT
                                                                      FILED
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2015 DEC 17 AM 10: 09

CLERK

BY _____

DEPUTY CLERK

| | |
|---|---|
| ANDRE LEVESQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-17 |
| ) | |
| JOHN and JANE DOES of the U.S. ) | |
| ATTORNEYS OFFICE/JUSTICE ) | |
| DEPARTMENT, EUGENIA A.P. COWLES, ) | |
| and JOHN and JANE DOES of the FEDERAL ) | |
| BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**
(Docs. 1, 5)

This matter is before the court on Plaintiff Andre Levesque's motion to reopen case filed on October 5, 2015 (Doc. 5). On January 27, 2015, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") (Doc. 1), as well as a proposed Complaint, alleging, among other things, violations of his civil rights arising out of his prosecution in a criminal matter pending in this court before the Honorable William K. Sessions III.

On March 5, 2015, Magistrate Judge John M. Conroy issued a Report and Recommendation ("R & R") recommending that Plaintiff's motion for leave to proceed IFP be denied for two reasons. First, Plaintiff did not submit a certified copy of the account statement of his prison trust account, as required by 28 U.S.C. § 1915(a)(2). Second, the Magistrate Judge found that the "three strikes" rule set forth in 28 U.S.C. § 1915(g) applies to Plaintiff. The three strikes rule prohibits the court from permitting an incarcerated plaintiff who has brought three or more previous actions that have been dismissed to proceed IFP. Because it was unclear from the allegations of Plaintiff's proposed Complaint whether there was a risk of imminent physical injury, the Magistrate

1

Judge concluded that Plaintiff was not eligible for the "imminent danger" exception to § 1915(g).

The deadline to object to the R & R was March 23, 2015. No objections were filed. The court thereafter issued an Opinion and Order adopting the Magistrate Judge's R & R on March 26, 2015. Plaintiff now seeks to reopen the case so that he may seek reconsideration, interpose objections to the R & R, and request that Magistrate Judge Conroy recuse himself. Plaintiff is self-represented. Defendants have not filed a response, nor is it clear that they have been served. For the reasons set forth below, Plaintiff's motion to reopen case is DENIED.

I. **Factual Background.**

Plaintiff is charged in docket No. 2:14-cr-00062 with stalking in violation of 18 U.S.C. § 2261A(2), and was committed to the custody of the Federal Bureau of Prisons for an evaluation of his competency to stand trial pursuant to 18 U.S.C. § 4241(a). On August 4, 2014, Judge Sessions committed Plaintiff to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4241(d) for additional observation and treatment upon a finding that Plaintiff was not competent to stand trial. On June 1, 2015, Judge Sessions found that Plaintiff was competent to stand trial, and Plaintiff entered a plea of guilty. The court deferred acceptance of the plea pending a psychological examination of Plaintiff.

In his proposed Complaint, Plaintiff alleges that Assistant United States Attorney ("AUSA") Eugenia A.P. Cowles and unnamed Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") officials improperly harassed and attempted to coerce him by prosecuting him in docket No. 2:14-cr-00062. He alleges that he is "being prosecuted for calling the police station" and for calling "a mental health worker who participated in trying to coerce and intimidate" him. (Doc. 1-2 at 2, ¶ 6.) He claims that the competency evaluation was "performed during 460 hours of continuous intense bright light[,]" and that a person "tried to shove a stick in my [rectum,]" causing irreparable harm, post-traumatic stress, and pain and suffering. *Id.* at 2, ¶ 6; 3, ¶ 8.

2

Plaintiff claims that he did not have the opportunity to object to the R & R until September 2015 because he has been continuously transferred between different Bureau of Prisons facilities, denied access to his legal papers during transport, and unable to use provided computer services to type and print material. He indicates that he has had difficulty formulating his objections which are "on the same file as the lawsuit against the [Bailiff] and Judge Conroy[.]" (Doc. 5 at 3.) Plaintiff also claims that the U.S. Marshals Service denied him access to his legal paperwork while he was being transported. Because of the "restrictions and stresses[] of prolong[ed] confinement" and the "random allowed time" for the use of a computer to type and print material, Plaintiff asks the court to "ignore" any delay and reopen the case. (Doc. 5 at 1.)

If permitted to file an untimely objection, Plaintiff seeks to object to the R & R on the grounds that AUSA Cowles "did in fact [maliciously] with callous deliberate indifference violate my constitutional rights when she abused the competency clause[.]" *Id.* at 2. He also challenges the conclusion that DOJ has immunity from prosecution because "it is well established that they can be held accountable for [malicious] procedural errors, knowingly with deliberate indifference, such as in this case[]" *Id.* at 1. Finally, Plaintiff asks Magistrate Judge Conroy to recuse himself, alleging that the Magistrate Judge asked him to swear to "God the one true Nazi" in docket No. 2:14-cr-00062. *Id.* at 2.

## II.  Conclusions of Law and Analysis.

### A.  Standard of Review.

Filings by self-represented parties are "to be liberally construed, and a [self-represented] complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). The court must "liberally construe pleadings and briefs submitted by [self-represented] litigants, reading such submissions 'to raise the strongest arguments they suggest.'" *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation omitted) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Because Plaintiff asserts that factors outside of his control

prevented him from responding to the R & R until September 2015, the court construes Plaintiff's motion to reopen as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect" Fed. R. Civ. P. 60(b)(1). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted). "Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

### B. Whether Plaintiff's Failure to Timely Object to the R & R was Excusable.

In evaluating whether neglect is excusable, the court considers: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citations omitted) (internal quotation marks and alterations omitted). The Second Circuit has "focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Id.* (internal quotation marks omitted).

Defendants will be prejudiced if this matter is re-opened because they will be forced to continue to defend against a lawsuit that fails to state a claim against them. Plaintiff alleges that AUSA Cowles and unnamed DOJ and FBI officials improperly harassed and attempted to coerce him by prosecuting him in docket No. 2:14-cr-00062. As relief, Plaintiff seeks one hundred million British pounds.

Prosecutors are entitled to absolute immunity for decisions related to the prosecution of a defendant. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under

4

[§] 1983 that the prosecutor enjoys at common law."). The objections Plaintiff seeks to interpose would not alter this outcome. Plaintiff's assertion that AUSA Cowles violated his constitutional rights by "abus[ing] the competency clause" (Doc. 5 at 2) cannot succeed where a prosecutor requests a competency evaluation under a colorable claim of authority and the court orders it to take place in accordance with applicable law. *See Bernard v. Cty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) (concluding that a prosecutor "engaged in advocative functions will be denied absolute immunity only if he acts 'without any colorable claim of authority.'").

Plaintiff's claim that DOJ may be "held accountable for [malicious] procedural errors[,]" (Doc. 5 at 1), also fails because the underlying criminal case has not terminated in his favor. *See Poventud v. City of New York*, 750 F.3d 121, 130 (2d Cir. 2014) ("[m]alicious prosecution suits require, as an element of the offense, the termination of the proceeding in favor of the accused.") (internal quotation marks omitted). Plaintiff's claims seeking monetary damages under 42 U.S.C. § 1983 for false arrest or malicious prosecution are premature where, as here, the underlying criminal matter remains pending. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

The three strikes rule, 28 U.S.C. § 1915(g), requires Plaintiff to pay the standard filing fee and requires him to effect service without the court's assistance. Service in this case would be challenging as, other than AUSA Cowles, all other proposed defendants are solely identified as "John and Jane Does." In such circumstances, re-opening this case so that Plaintiff can assert belated objections that do not present colorable claims for relief is not only prejudicial to the non-moving parties and to the court's allocation of scarce public resources, but would likely be an abuse of discretion. *See Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986) ("motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense"); *see also United States v. Goist*, 378 F. App'x 517, 519 (6th Cir. 2010)

("[t]he government would have been prejudiced by [reopening a case] because it would have been subject to additional frivolous filings.").

  The second factor, the length of the delay and its potential impact on the proceedings, also weighs in favor of denying Plaintiff's motion. Pursuant to 28 U.S.C. § 636(b)(1), the deadline to object to the R & R was March 23, 2015 and Plaintiff's motion was filed on October 5, 2015, a delay of six months and twelve days. The delay is therefore substantial and has the potential to impact the proceedings because it would require the court to re-open and revisit a case that has been closed without any significant likelihood that the court could lawfully grant Plaintiff his requested relief. Generally, failure to file a timely objection to a Report and Recommendation of a Magistrate Judge "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Here, that result is appropriate.

  The third and most important factor, the reason for the delay, is arguably neutral but it is unsupported by any documentary proof. Plaintiff alleges that the delay was not within his control because he was transferred seventeen times between different Bureau of Prisons facilities over the course of thirteen months. It is unclear, however, whether all of those transfers occurred during the time period for objections. It is also unclear whether Plaintiff can substantiate his claim that he was without access to legal resources during the entire objection period. *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) ("[g]enerally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing[]'"); *Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 77 (E.D.N.Y. 1999) ("[t]he strict evidentiary requirements apply as well to [self-represented] litigants."). As noted by the Supreme Court, there are a "range of possible explanations for a party's failure to comply with a court-ordered filing deadline":

> At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may choose to miss a deadline although

for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 387-88 (1993) (emphasis omitted). Although Plaintiff alleges that events outside of his control prevented him from interposing a timely objection to the R & R, there was ample time for Plaintiff to at least file a simple request for additional time to file an objection. As the Second Circuit has observed, "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar." *Silivanch*, 333 F.3d at 368.

For the foregoing reasons, Plaintiff's motion to re-open this case cannot be granted under Fed. R. Civ. P. 60(b). *See Nemaizer*, 793 F.2d at 61 (limiting relief under this Rule to "a showing of exceptional circumstances."). The court has identified no other basis for granting the requested relief. In the event Plaintiff seeks to pursue a claim of false arrest and malicious prosecution when the underlying criminal proceeding against him is resolved, he must bear the standard filing fee and effect service upon the named defendants without the court's assistance.

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's motion to reopen case (Doc. 5). Plaintiff's Motion for Reconsideration, Objection to the R & R, and Motion for Magistrate Judge Conroy to recuse himself are also DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of December, 2015.

Christina Reiss, Chief Judge
United States District Court